## JULY TERM, 1851.

## THE KING vs. JOSEPH MARKS and HENRY BUTLER.

Extra-judicial confessions of guilt should be received with great caution; but if made voluntarily and deliberately, without any inducement of hope or fear, they are entitled to much weight.

The confession of one conspirator, made subsequent to the accomplishment of the common enterprise, is not admissible in evidence against any one but himself.

The prisoners were arraigned upon an indictment charging them with conspiracy, in concerting together, and undertaking to defraud Apong of the sum of eight thousand dollars, by alleging that he had bought 454 ounces of gold dust of Henry Marks, and falsely testifying to that effect at the April term of this Court, in a suit instituted against Apong to recover the above amount.

The evidence was very much the same as that given in the case of Caspar Marks vs. Apong, tried at the last term; with the addition of Butler's voluntary confession made before Marshal Parke and Justice Burbank, in which he stated that the whole suit instituted against Apong was a concerted scheme on the part of himself, Henry Marks, and Julia Marks, his mother, to get eight thousand dollars out of the Chinaman without any foundation whatever; that the story about his buying gold dust was all a sham, and the entire testimony relating to it a tissue of falsehood.

On the trial, Dr. Butler denied the truth of his confession, and gave as a reason for making it, that he had quarreled with the Marks family, on account of their refusing to bail him out of prison, and sought this mode of revenge.

CHIEF JUSTICE LEE charged the jury, giving them the law relating to the crime of conspiracy, and touching upon the principal points of the evidence. In speaking of the confession of Butler, he charged them that all extra-judicial confessions of guilt should be received with great caution; for it was a well established fact that prisoners, oppressed by the calamity of their situation, or influenced by motives of hope or fear, were sometimes induced to confess themselves guilty of crimes of which they were innocent. However, if they found this confession to have been voluntarily and deliberately made, without any inducement of hope or fear, it was entitled to much weight in judging of the guilt of Butler; for it was unreasonable to suppose that a rational being would make admissions so prejudicial to his interest and safety for the mere purpose of avenging himself upon

G

others. He added that the confession of Butler could in no way af-
fect Marks, and in determining the question of his guilt, should be
entirely excluded from their consideration; for it was a well-estab-
lished rule of evidence, that the confession of one conspirator, made
subsequent to the accomplishment of the common enterprise, is not
admissible in evidence against any one but himself.

The jury, after a brief absence, returned a verdict of guilty; and
the Court sentenced each of the prisoners to imprisonment at hard
labor for the term of two years.

Mr. Bates for the Crown.

Mr. Harris for the prisoners.